## HOMER COATNEY v. STATE.

No. A-7446. Opinion Filed Aug. 16, 1930.
Rehearing Denied Sept. 13, 1930.
(290 Pac. 932.)

L. M. Gensman, for plaintiff in error.

J. Berry King, Atty. Gen., for the State.

CHAPPELL, J. Plaintiff in error, hereinafter called defendant, was convicted in the county court of Comanche county on a charge of transporting intoxicating liquor, and his punishment fixed at a fine of $500 and imprisonment in the county jail for 6 months.

The evidence of the state was that Conway Garner, who was a motorcycle patrolman in the city of Lawton, and had a deputy sheriff's commission for the county, saw the defendant driving his car on the streets of the city of Lawton without a tail light; that this officer attempted to stop defendant, but that defendant speeded up his car and raced out of the city at 60 miles an hour; that while yet inside the city limits a large quantity of whisky was poured out of a container onto the side of the car and running board and onto the person of this officer who was following after the car, and that a half-gallon glass jar was thrown out of the car; that the officer fired a bullet into one of the tires and forced the defendant to stop. Thereupon he arrested the defendant and one Breedlove, who was riding with him. The empty fruit jar was picked up near where the car was stopped.

The defendant was charged with transportation of intoxicating liquor. Garner and several other officers who came up immediately afterward testified that the side of the car and the running board were wet and had a strong smell of intoxicating liquor. The defendant took the stand and denied that any liquor was poured out of his car that night. He admitted, on cross-examination, that he had been convicted once and served time in the federal court for violation of the prohibition law, and that he had been convicted on the 30th day of May, 1929, in the county court of Comanche county of the unlawful possession of 100 gallons of whisky, and admitted that he supposed the reason the officers were trying to arrest him when he fled was because they knew he had been convicted of a violation of the prohibitory liquor law.

No motion was made to suppress the evidence, for the reason that none was obtained by any search of the defendant's car. The defendant contends that this evidence

was insufficient to support the verdict of the jury. There was sufficient evidence to justify the jury in finding the defendant guilty.

Defendant next complains that the court erred in its instruction to the jury. Defendant made no objection to the instructions given by the court and no exceptions to the same, and submitted no other or different instructions to the court with the request that they be given. While the instructions are not as full as they might have been, they fairly state the law as applicable to the facts in the case.

For the reasons stated, the cause is affirmed.

EDWARDS, P. J., concurs. DAVENPORT, J., absent and not participating.